PER CURIAM:
The claimant, a resident of Crawley, Greenbrier County, was driving her 1988 Chevrolet Beretta along Interstate 64 on January 26, 1991, when a rock fell from an adjoining ledge in the area of the Alta exit in the west bound lane of the interstate. The rock bounded up from the road striking the passenger side of her vehicle and causing damage. The claimant was traveling 65 miles an hour and was unable to avoid the rock. The rock was described by the claimant as eight to ten inches in diameter. The claimant travels this section of interstate between Lewisburg and Sam Black daily and she had observed falling rocks on previous occasions. She testified that there were no rock slide warnings posted in the area. She also stated that she had not notified the respondent of any of the previous rock slides. Her vehicle damage was estimated in the amount of $212.64. The vehicle has not been repaired. The claimant has a $250.00 deductible on her automobile insurance; therefore, she has not submitted this claim to the insurer. She did not file an accident report.
The respondent alleges that the claimant’s accident was caused by an act of nature over which it has no control.
*112 The case law governing liability for rock falls permits a finding of negligence on the part of the respondent when it has been demonstrated that the respondent knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and adequate precautions to ameliorate the hazard or warn motorists of the peril were not taken. Hammond v. Dept. of Highway, 11 Ct.Cl. 234 (1977). This court has held in prior claims that the lack of falling rock signs does not render the State liable without convincing evidence of such a hazard. Jude v. Dept. of Highways, 13 Ct.Cl. 28 (1979). The Court is of the opinion that the claimant herein has not established negligence on the part of the respondent. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
Accordingly, the Court must deny this claim
Claim disallowed.